UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22810-BLOOM/Louis

ILEANA ECHEVARRIA,

    Plaintiff,

v.

TACO BELL OF AMERICA, LLC,

    Defendant.

_____/

## ORDER DENYING MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiff Ileana Echevarria's ("Plaintiff") Motion to Remand, ECF No. [4] ("Motion"). Defendant Taco Bell of America, LLC ("Defendant") filed its Response in Opposition, ECF No. [6] ("Response"), to which Plaintiff did not file a Reply. The Court has considered the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

Plaintiff initiated this action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *see* ECF No. [1-2] ("Complaint"), and thereafter filed her second Amended Complaint, ECF No. [1-2] at 29-37 ("Amended Complaint"). The Plaintiff seeks damages for injuries resulting from food purchased at the Defendant's store placed in a contaminated polystyrene container. She seeks damages for Breach of Implied Warranty of Merchantability and Fitness (Count I); Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count II); Unjust Enrichment (Count III); and Negligence (Count IV). Plaintiff further alleged in the Amended Complaint that the damages in this action were in excess of

$30,000.00, exclusive of interest, costs, and attorney's fees. *Id.* at 29. In addition to the allegations of past and future economic and non-economic damages, including ongoing or permanent pain and suffering, the Amended Complaint asserted a count pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and sought to recover attorneys' fees. *Id.* at 33-34, 36.

On July 8, 2020, Defendant filed its Notice of Removal on the basis of diversity jurisdiction, arguing that Plaintiff's settlement demand of over $500,000.00 indicated that the amount in controversy requirement was satisfied in this case. ECF No. [1] ("Notice"). While the parties are citizens of different states, Plaintiff seeks to remand the case to state court because the amount in controversy does not exceed $75,000.00. ECF No. [4].

## II. LEGAL STANDARD

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether a subject matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent

from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

### III. DISCUSSION

In the Motion, Plaintiff argues that this case should be remanded because Defendant has failed to meet the amount in controversy requirement, based on the updated post-removal settlement demand of $74,000.00, which Plaintiff appends to her Motion. ECF No. [4] at 12; ECF

No. [4-2]. In its Response, Defendant contends that the Court should consider Plaintiff's initial, pre-removal settlement demand, instead of the inherently self-serving post-removal demand. ECF No. [6] at 6-8. Nevertheless, Defendant notes that the post-removal settlement demand, coupled with Plaintiff's reasonable attorneys' fees accrued through the time of removal, meet the $75,000.00 amount-in-controversy requirement. *Id.* at 8-13. Upon review of the arguments and the record in this case, the Court concludes that the amount in controversy is satisfied.

As noted above, when examining the amount in controversy requirement under diversity jurisdiction, the Court considers the amount at issue *at the time of removal*. *Pretka*, 608 F.3d at 751; *Miedema*, 450 F.3d at 1330; *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360. The Court may consider a wide variety of evidence regarding the amount in controversy, such as "affidavits, declarations, or other documentation," in addition to making reasonable inferences and applying its own judicial experience. *Pretka*, 608 F.3d at 755; *see also Roe*, 613 F.3d at 1061-62. Moreover, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *DO Rests., Inc.*, 984 F. Supp. 2d at 1345. "The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however the evidence does not need 'to establish the amount in controversy beyond all doubt or banish all uncertainty about it.'" *DO Rests., Inc.*, 984 F. Supp. 2d at 1345 (quoting *Pretka*, 608 F.3d at 755).

The Court is unpersuaded by Plaintiff's arguments, regardless of which amount is considered for the amount-in-controversy determination. In particular, even considering Plaintiff's updated, post-removal settlement demand of $74,000.00, the Court concludes that the amount in controversy is satisfied.

The post-removal settlement demand that Plaintiff appends to her Motion, dated July 10, 2020, states:

> Given the facts of Ms. Echevarria's case, the injuries, prognosis, medical expenses, out-of-pocket expenses, and pain and suffering, and in an effort to extend a good faith offer of settlement to quickly resolve the matter without the need for further litigation, we hereby request a tender in the amount of **$74,000.00.** This tender is substantiated by the medical records and evaluations attached hereto. This tender is inclusive of the entirety of Ms. Echevarria's past and future physical and emotional damages, as well as her pain and suffering.

ECF No. [4-2] at 3. Excluded from this demand, however, is any request for Plaintiff's attorneys' fees accrued through the date of removal, despite her statutory entitlement to these attorneys' fees pursuant to FDUTPA, upon prevailing in this action. *See* Fla. Stat. § 501.2105(1).[1]

The Court can reasonably infer that Plaintiff accrued over $1,000.00 in attorneys' fees at the time of removal, given the work that was done in the state court action. *See Roe*, 613 F.3d at 1061-62 ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." (quoting *Pretka*, 608 F.3d at 754)). Specifically, as Defendant correctly notes, Plaintiff's counsel performed the following tasks in the underlying state court case prior to removal: (1) "drafted, filed, and served three Complaints;" (2) "presumably researched Plaintiff's potential causes of action (four Counts) before filing this action—in addition to researching the alleged benzene-related chemicals and packaging at issue here (including the scientific and governmental materials that Plaintiff cites in her Complaints);" (3) "met with their client before instituting this action;" (4) "reviewed her medical records and bills;" (5) corresponded with, and had phone calls with, defense counsel;" and (6) "reviewed [Defendant's] pending motion to dismiss, filed on June 11, 2020, which Plaintiff mentions in her [Motion]." ECF No. [6] at 11-

---

[1] Notably, Plaintiff failed to file any reply to contest Defendant's arguments regarding the addition of attorneys' fees to the $74,000.00 supplemental settlement demand.

Case No. 20-cv-22810-BLOOM/Louis

12. It is more than reasonable to infer that the total fees generated for the tasks listed above total more than $1,000.00. *See Soares v. Scottsdale Ins. Co.*, No. 19-cv-22421, 2019 WL 3773649, at *3 (S.D. Fla. Aug. 12, 2019). Thus, even when examining Plaintiff's updated $74,000.00 settlement demand for the amount in controversy, the Court concludes that this amount exceeds the $75,000.00 requirement to establish diversity jurisdiction. As such, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [4]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 2, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record