UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22810-BLOOM/Louis

ILEANA ECHEVARRIA,

    Plaintiff,

v.

TACO BELL OF AMERICA, LLC,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Taco Bell of America, LLC's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [7] ("Motion"). Plaintiff Ileana Echevarria ("Plaintiff") filed a Response, ECF No. [19] ("Response"), to which Defendant filed a Reply, ECF No. [20]. The Court has considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

Plaintiff initiated this action against Defendant on April 7, 2020, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *see* ECF No. [1-2] ("Complaint"), and ultimately filed her Second Amended Complaint on May 12, 2020, *id.* at 29-37 ("SAC"). The SAC alleges that Defendant used food containers that contained 1,3,5-Triphenylcyclohexane (the "Chemical") to store food and/or drink, and that this Chemical is an impurity in polystyrene food containers that is liberated upon heating and is a residue of packaging migration. *Id.* at 30, ¶ 8. The SAC further states that at all relevant times, Defendant knew or should have known the following: that

the polystyrene food containers used contained the Chemical, that the Chemical was a carcinogen, mutagen, skin irritant, and was known to be toxic for reproduction. *Id.* at 31, ¶¶ 11-15. "On or about January 14, 2020, the Plaintiff went to TACO BELL . . . where she purchased food to go. The food she purchased was stored, at least in part, in a polystyrene food container that contained [the Chemical]." *Id.* at 31, ¶ 16. "Plaintiff became ill each time she came into contact with TACO BELL'S polystyrene food containers that were tainted with [the Chemical]." *Id.* at 31, ¶ 17. Based on these allegations, the SAC asserts four counts for relief: Count I – Breach of Implied Warranty of Merchantability and Fitness; Count II – Florida's Deceptive and Unfair Trade Practices Act; Count III – Unjust Enrichment; and Count IV – Negligence. *See id.* at 31-36.

Defendant now files the instant Motion seeking to dismiss each count of the SAC. While Plaintiff concedes that Counts I, II, and III should be dismissed, based upon Defendant's arguments, she nonetheless opposes dismissal of Count IV because she contends that a claim for negligence has been adequately alleged.

## II. LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) that requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### III. DISCUSSION

In the instant Motion, Defendant now argues that each Count of Plaintiff's SAC should be dismissed. As stated above, Plaintiff concedes that Counts I, II, and III of the SAC should properly be dismissed. Thus, Defendant's Motion is granted as to these three Counts. ECF No. [19] at 2.

With regard to Count IV, however, Defendant contends that Plaintiff's claim for negligence is vague and conclusory in that it fails to provide any details regarding the food that was purchased, the manner of consumption, which packaging Plaintiff came into contact with and how she came into contact with the packaging, and how she became ill. In response, Plaintiff maintains that her claim of negligence in Count IV is sufficiently alleged because it sets forth all relevant facts to establish her claim, and that the Court should therefore deny Defendant's Motion as it relates to Count IV. Plaintiff alternatively requests leave to amend, if this Court determines that the claim for negligence is insufficiently pled.

In addition to the general factual allegations discussed above detailing Plaintiff's purchase of food stored in tainted polystyrene containers and her subsequent illness upon coming into contact with the tainted containers, Plaintiff's SAC sets forth the following allegations to support its negligence claim:

> 45. TACO BELL owed a duty to the Plaintiff to use and exercise reasonable and due care in the dissemination of its food products, including the polystyrene containers in which the food is placed.
> 46. TACO BELL owed a duty to the Plaintiff to ensure that the food products it sold, including the polystyrene containers in which the food is placed, were, and are, unadulterated and free of harmful chemicals.
> 47. TACO BELL owed a duty of care to the Plaintiff because she is a foreseeable, reasonable, and probable consumer of TACO BELL'S food products and victim of TACO BELL'S fraudulent and deceptive activities.
> 48. TACO BELL knew or should have known that the polystyrene food containers it used were adulterated.
> 49. TACO BELL was in the best position to uncover that the polystyrene food containers it used were adulterated; however, TACO BELL failed to do so.
> 50. TACO BELL knew that ignoring the presence of the Chemical in its polystyrene food containers would damage the Plaintiff and increase its own profits.
> 51. TACO BELL'S actions and/or inactions created a foreseeable risk of harm to the Plaintiff. TACO BELL'S misconduct included, but was not limited to, failing to oversee and take action in connection with the dissemination of polystyrene food containers containing the Chemical.

> 52. TACO BELL breached the duty it owed to the Plaintiff by failing to exercise reasonable care sufficient to protect the interests and meet the needs of the Plaintiff.
> 53. As a direct and proximate result of TACO BELL'S[] actions and/or omissions, the Plaintiff sustained bodily injury in and about her body and extremities with resulting pain and suffering, permanent personal injuries, disability, physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff has suffered these losses in the past and will continue to suffer these losses in the future.

ECF No. [1-2] at 35-36, ¶¶ 45-53.

Upon review of Plaintiff's negligence claim, the Court agrees with Defendant that the allegations in the SAC are inadequate because they are vague and present no meaningful facts beyond the bare recitation of the legal elements of a negligence claim. Indeed, the SAC presents no facts describing the food purchased or the container the food was packaged in, the way Plaintiff came into contact with the allegedly tainted packaging, or how such contact made Plaintiff ill. Absent more definite facts, Defendant lacks any meaningful notice of the accusations it faces or the ability to properly defend itself against such accusations. *See Rubio v. Bridgestone/Firestone N. Am. Tire, LLC*, No. 10-21248-CIV, 2010 WL 11597600, at *2 (S.D. Fla. June 14, 2010) (granting motion to dismiss where the complaint presented only vague and conclusory allegations of product defects). As currently pled, the SAC presents nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which require dismissal. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. Thus, Defendant's Motion is granted as to Plaintiff's negligence claim.

Case No. 20-cv-22810-BLOOM/Louis

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [7]**, is **GRANTED**. Counts I, II, and III of the SAC are **DISMISSED WITH PREJUDICE**. Count IV is **DISMISSED WITHOUT PREJUDICE**. **By no later than October 14, 2020**, Plaintiff may amend Count IV of the SAC consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record